UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HILBERT LEE WALKER,

    Petitioner,

vs.                               Case No. 3:10-cv-314-J-37TEM

SECRETARY, DOC, et al.,

    Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 31, 2010.[1] He challenges his 1981[2] Bradford County conviction for murder in the first degree.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[1] The Petition was filed with the Clerk on April 5, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed his Petition and handed it to prison authorities for mailing to this Court (March 31, 2010). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on April 24, 1981.

>    limitation period shall run from the latest of--
>
>    >    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    >
>    >    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    >
>    >    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    >
>    >    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. <u>See</u> Respondents' September 21, 2010, Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #14) (hereinafter Response). In support of their contentions, they have submitted

exhibits.[3]  See Exhibits to Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #14).  Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response.  See Court's Order (Doc. #10), filed May 5, 2010.  Petitioner's Reply to Respondents' Response to Motion to Dismiss Writ of Habeas Corpus (Doc. #15) was filed on October 4, 2010, pursuant to the mailbox rule.

After a jury trial, Petitioner was found guilty of murder in the first degree.  Ex. A at 1.  The judgment and sentence was entered on April 24, 1981.  Id. at 2-4.  Petitioner appealed, and the conviction was affirmed on April 13, 1982.  Walker v. State, 415 So.2d 1369 (Fla. 1st DCA 1982); Ex. B.  His conviction became final on July 12, 1982 (90 days after April 13, 1982) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").[4]

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

[4] Although Petitioner has checked the box yes, indicating he filed a petition for writ of certiorari, Petition at 2, he did not provide the Court with the date of the result or the result of certiorari proceedings.  Id.  Additionally, he did not provide the Court with a citation to any certiorari proceedings.  The Court has thoroughly reviewed the case history of Walker v. State, 415 So.2d 1369 (Fla. 1st DCA Apr. 13, 1982) (Table), the affirmance on direct appeal, and found no record of a petition for certiorari being filed or addressed.  Apparently, Petitioner did not file a petition for certiorari.  Response at 2.

The Petition, filed March 31, 2010, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. On March 15, 2007, he filed a Petition for Writ of Habeas Corpus in the circuit court, which was construed to be a Rule 3.850 motion. Ex. A at 5-14. On July 20, 2007, an order was entered finding the Rule 3.850 motion procedurally barred as untimely filed. Id. at 15-16. Petitioner appealed. Id. at 17. He was granted leave to take a belated appeal of the denial of the Rule 3.850 motion. Id. at 19. The mandate issued on July 25, 2008. Id. at 20.

Petitioner raised one issue on appeal: the trial court erred when denying Appellant's petition for writ of habeas corpus and treating it as a motion for post conviction relief. Ex. C at 2. The First District Court of Appeal per curiam affirmed the circuit court on May 7, 2009. Ex. E. The mandate issued on June 2, 2009. Ex. F.

The one-year limitations period in Petitioner's case began to run on April 24, 1996. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085 (2000). The limitations period expired on April 24, 1997. See Response at 3-4.

Petitioner did not file anything in the state court system until March 15, 2007 (pursuant to the mailbox rule), when he filed his Rule 3.850 motion in the state circuit court. Ex. C. This motion did not toll the federal one-year limitations period because it had already expired on April 24, 1997. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Petition was not timely filed in this Court.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh

Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner claims that he "was led to believe through his own ignorance as upon reading the mandate issued Petitioner read that proceeding was final." Petition (Motion for Equitable Tolling at 3). While the Court recognizes that the lack of a formal education presents challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), Report and Recommendation adopted by the District Court on March 14, 2007; see Conner v. Bullard, No. Civ.A. 03-0807-CG-B, 2005 WL 1387630, at *3 (S.D. Ala. June 9, 2005) (not reported in F.Supp.2d) (finding the claim of illiteracy to not be justification for equitable tolling of the one-year statute of limitations), Conner v. Bullard, No. CIV.A. 03-807-CG-B, 2005 WL

1629951 (S.D. Ala. July 8, 2005) (not reported in F.Supp.2d) (Report and Recommendation Adopted by the District Court); Malone v. Oklahoma, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (not selected for publication in the Federal Reporter) (stating that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling), cert. denied, 528 U.S. 1007 (1999).

Petitioner complains that he was not advised by direct appeal counsel to pursue timely post-conviction remedies. Petition (Motion for Equitable Tolling at 2-3). This argument has no merit because the time limitations did not go into effect for filing a Rule 3.850 motion until 1985, long after the direct appeal was over and Petitioner's conviction was final. Response at 5-6. Thus, counsel on direct appeal would not have been obliged to inform Petitioner of the time limit for filing a Rule 3.850 motion since there was no limitations period at that time. Additionally, the one-year limitations period set forth in AEDPA was not adopted until 1996; therefore, direct appeal counsel would certainly not have been obligated to apprise Petitioner of a limitations period for filing a federal petition that was not in existence at the conclusion of Petitioner's direct appeal.

Finally, Petitioner, in his Reply at 3-4, asserts that the AEDPA one-year limitations period violates the Ex Post Facto Clause of the United States Constitution because it was applied retrospectively to his conviction from 1981. See U.S. Const. art. I, § 9, cl. 1. This claim is due to be denied because the section 2254 statute of limitations "did not make criminal a theretofore innocent act, aggravate a crime previously committed, provide a greater punishment, or change the proof necessary to convict, [therefore] its application to [Petitioner] does not violate the Ex Post Facto Clause." Smith v. Snyder, 48 Fed. Appx. 109, 111 (6th Cir. 2002) (not selected for publication in the Federal Reporter) (citing Seymour v. Walker, 224 F.3d 542, 560 (6th Cir. 2000) (finding provisions of AEDPA do not violate ex post facto rights), cert. denied, 532 U.S. 989 (2001)). See Kesterson v. Ballard, No. 2:08-cv-00903, 2009 WL 1288865, at *2 (S.D. W. Va. May 8, 2009) (not reported in F.Supp.2d) (agreeing with the Sixth Circuit that the one-year limitations period of AEDPA does not violate the Ex Post Facto Clause).

Indeed, in denying objections to a Report and Recommendation in which an Ex Post Facto Clause claim was rejected, the court said:

> In his objections, Cooper argues that the one-year statute of limitations provision of § 2244(d), implemented by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA") Pub.L. 104-132, amounts to a violation of the prohibition against ex post facto legislation.

> Application of AEDPA and 28 U.S.C. § 2244(d) to the instant habeas petition, Cooper argues, "constitutes arbitrary and potentially vindictive legislation." As a result, Cooper would have this Court toll the applicable one-year statute of limitations until such time that he became aware of the law. The Court declines this invitation. Once the statute of limitations for habeas relief has expired, it cannot be tolled. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003). As identified by Judge Marschewski, the statute of limitations for Cooper's habeas petition ran-at the very latest-on April 24, 1997. Cooper's basic objection-ignorance of the limitation statute-fails to excuse his considerable delay in seeking post-conviction relief. The Court cannot now toll the statute, and his petition is time-barred.

Cooper v. Norris, No. 4:06-CV-4108, 2007 WL 2746753, at *1 (W.D. Ark. Sept. 20, 2007) (not reported in F.Supp.2d).

Similarly, in the case at bar, Petitioner was given one-year from the date of enactment of AEDPA to file his federal petition. See Wilcox, 158 F.3d at 1211. Therefore, he had until April 24, 1997, to file his federal petition. He has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

9

This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2. Respondents' September 21, 2010, Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #14) is **GRANTED**.

3. The case is **DISMISSED** with prejudice.

4. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of October, 2011.

ROY B. DALTON JR.
United States District Judge

sa 10/4
c:
Hilbert Lee Walker
Special Counsel, Criminal Appeals (Hill)